PROSKAUER ROSE LLP
Elise M. Bloom
Amy F. Melican
Joshua S. Fox
Eleven Times Square
New York, NY  10036-8299
Telephone 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
amelican@proskauer.com
jfox@proskauer.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| LAUREN BALLINGER and MATTHEW LEIB, on behalf of themselves and all others similarly situated, | Civil Action No. 13 CV 4036 |
| Plaintiffs, | **ECF Case** |
| -against- | **DEFENDANT'S ANSWER TO THE CLASS ACTION COMPLAINT** |
| ADVANCED MAGAZINE PUBLISHERS, INC. d/b/a CONDÉ NAST PUBLICATIONS | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Advanced Magazine Publishers Inc., of which Condé Nast is a division, ("Condé Nast" or "Defendant"), by and through its attorneys, Proskauer Rose LLP, states as follows for its answer to the Class Action Complaint (the "Complaint"):

## AS TO THE INTRODUCTION

1.      Admits the allegations set forth in paragraph 1 of the Complaint.

2.      Denies the allegations set forth in paragraph 2 of the Complaint, except admits that Plaintiff Lauren Ballinger was engaged as an intern in *W Magazine's* accessories and fine jewelry departments, Plaintiff Matthew Leib was engaged as an intern at *The New Yorker,* and

that Ballinger and Leib received payment in connection with their internships.

3.       Paragraph 3 of the Complaint sets forth purely legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4.       Denies the allegations set forth in paragraph 4 of the Complaint.

5.       Denies the allegations set forth in paragraph 5 of the Complaint, except admits that Leib purports to bring this action on behalf of himself and those similarly situated who elect to opt-in to this action pursuant to the statutes and theories asserted therein.

6.       Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Ballinger purports to bring this action as a class action under Federal Rule of Civil Procedure 23 pursuant to the statutes and theories asserted therein.

7.       Denies the allegations set forth in paragraph 7 of the Complaint, except admits that Plaintiffs purport to seek injunctive relief in this action.

<u>**AS TO THE PARTIES**</u>

**As to Lauren Ballinger**

8.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.       Denies the allegations set forth in paragraph 9 of the Complaint, except avers that Ballinger had an internship at *W Magazine* from in or about June 2009 until in or about October 2009, and that *W Magazine* is a Condé Nast publication.

10.      Denies the allegations set forth in paragraph 10 of the Complaint.

**As to Matthew Leib**

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Denies the allegations set forth in paragraph 12 of the Complaint, except avers that Leib had an internship at *The New Yorker* from in or about June 2009 until in or about August 2009 and from in or about June 2010 until in or about September 2010, and that *The New Yorker* is a Condé Nast publication.

13.     Denies the allegations set forth in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Complaint, except admits that a "Consent to Join" form for Leib was attached to the Complaint as Exhibit "A" and filed with the Court.

**As to Defendants**

15.     Admits the allegations set forth in paragraph 15 of the Complaint.

16.     Admits the allegations set forth in paragraph 16 of the Complaint.

17.     Admits the allegations set forth in paragraph 17 of the Complaint.

18.     Denies the allegations set forth in paragraph 18 of the Complaint.

19.     Denies the allegations set forth in paragraph 19 of the Complaint.

20.     Denies the allegations set forth in paragraph 20 of the Complaint.

21.     Denies the allegations set forth in paragraph 21 of the Complaint.

22.     Denies the allegations set forth in paragraph 22 of the Complaint, except avers that from time to time there were changes that applied with respect to certain interns engaged at Condé Nast brands and/or departments and that certain of these changes occurred in 2012.

23.     Denies the allegations set forth in paragraph 23 of the Complaint.

24.     Denies the allegations set forth in paragraph 24 of the Complaint.

25.     Denies the allegations set forth in paragraph 25 of the Complaint.

## AS TO JURISDICTION AND VENUE

26.     Denies the allegations set forth in paragraph 26 of the Complaint, except admits

that Plaintiffs purport to bring this action pursuant to the jurisdictional provisions referenced therein.

27.     Denies the allegations set forth in paragraph 27 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the jurisdictional theory referenced therein.

28.     Denies the allegations set forth in paragraph 28 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the jurisdictional provision referenced therein.

29.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 30 of the Complaint.

31.     Denies the allegations set forth in paragraph 31 of the Complaint, except admits that the proposed class as defined by in the Complaint has more than 100 members.

32.     Admits the allegations set forth in paragraph 32 of the Complaint.

33.     Admits the allegations set forth in paragraph 33 of the Complaint.

34.     Denies the allegations set forth in paragraph 34 of the Complaint.

35.     Denies the allegations set forth in paragraph 35 of the Complaint, and refers the Court to the relevant statutes, regulations and case law for a statement of the Court's powers with respect to declaratory judgment.

36.     Denies the allegations set forth in paragraph 36 of the Complaint, except admits that the action purports to be properly brought in the Southern District of New York pursuant to the statutes cited therein.

## AS TO CLASS ACTION ALLEGATIONS

37.     Denies the allegations set forth in paragraph 37 of the Complaint, except admits that Ballinger purports to bring the Second and Third Causes of Action against the entities and pursuant to the statutes and legal theories cited therein and purports to represent the "Intern Class" described therein.

38.     Denies the allegations set forth in paragraph 38 of the Complaint, except admits that the action purports to exclude the individuals described therein from the Intern Class.

39.     Denies the allegations set forth in paragraph 39 of the Complaint.

40.     Denies the allegations set forth in paragraph 40 of the Complaint.

41.     Denies the allegations set forth in paragraph 41 of the Complaint.

42.     Denies the allegations set forth in paragraph 42, including sections (a) through (h), inclusive, of the Complaint.

43.     Denies the allegations set forth in paragraph 43 of the Complaint.

44.     Denies the allegations set forth in paragraph 44 of the Complaint.

45.     Denies the allegations set forth in paragraph 45 of the Complaint.

46.     Denies the allegations set forth in paragraph 46 of the Complaint.

47.     Denies the allegations set forth in paragraph 47 of the Complaint.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

48.     Denies the allegations set forth in paragraph 48 of the Complaint, except admits that Leib purports to bring the First Cause of Action against the entities and pursuant to the statutes and legal theories cited therein and purports to represent the "Intern Collective" described therein.

49.     Denies the allegations set forth in paragraph 49 of the Complaint.

## AS TO THE CLASS-WIDE FACTUAL ALLEGATIONS

50.     Denies the allegations set forth in paragraph 50 of the Complaint.

51.     Denies the allegations set forth in paragraph 51 of the Complaint.

52.     Denies the allegations set forth in paragraph 52 of the Complaint.

53.     Denies the allegations set forth in paragraph 53 of the Complaint.

54.     Denies the allegations set forth in paragraph 54 of the Complaint.

55.     Denies the allegations set forth in paragraph 55 of the Complaint.

56.     Denies the allegations set forth in paragraph 56 of the Complaint.

57.     Denies the allegations set forth in paragraph 57 of the Complaint.

58.     Denies the allegations set forth in paragraph 58 of the Complaint.

59.     Denies the allegations set forth in paragraph 59 of the Complaint.

60.     Denies the allegations set forth in paragraph 60 of the Complaint.

61.     Denies the allegations set forth in paragraph 61 of the Complaint.

62.     Denies the allegations set forth in paragraph 62 of the Complaint.

## AS TO PLAINTIFFS' FACTUAL ALLEGATIONS

63.     Denies the allegations set forth in the first un-numbered paragraph of the section

titled "Plaintiffs' Factual Allegations."

**As to Lauren Ballinger**

64.     Denies the allegations set forth in paragraph 63 of the Complaint.

65.     Denies the allegations set forth in paragraph 64 of the Complaint.

66.     Denies the allegations set forth in paragraph 65 of the Complaint.

67.     Denies the allegations set forth in paragraph 66 of the Complaint.

68.     Denies the allegations set forth in paragraph 67 of the Complaint.

69.     Denies the allegations set forth in paragraph 68 of the Complaint, including

sections (a) through (e), inclusive.

70.     Denies the allegations set forth in paragraph 69 of the Complaint.

71.     Denies the allegations set forth in paragraph 70 of the Complaint.

72.     Denies the allegations set forth in paragraph 71 of the Complaint.

73.     Denies the allegations set forth in paragraph 72 of the Complaint.

74.     Denies the allegations set forth in paragraph 73 of the Complaint.

75.     Denies the allegations set forth in paragraph 74 of the Complaint.

76.     Denies the allegations set forth in paragraph 75 of the Complaint, including

sections (a) through (c), inclusive.

77.     Denies the allegations set forth in paragraph 76 of the Complaint.

78.     Denies the allegations set forth in paragraph 77 of the Complaint.

**As to Matthew Leib**

79.     Denies the allegations set forth in paragraph 78 of the Complaint, except avers

that Leib was an intern at *The New Yorker* from in or about June 2009 until in or about August

2009 and from in or about June 2010 until in or about September 2010.

80.     Denies the allegations set forth in paragraph 79 of the Complaint.

81.     Denies the allegations set forth in paragraph 80, including sections (a) through (e),

inclusive, of the Complaint.

82.     Denies the allegations set forth in paragraph 81 of the Complaint.

83.     Denies the allegations set forth in paragraph 82, including sections (a) through

(g), inclusive, of the Complaint.

84.     Denies the allegations set forth in paragraph 83 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

85.     Denies the allegations set forth in paragraph 84 of the Complaint, and repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

86.     Denies the allegations set forth in paragraph 85 of the Complaint.

87.     Denies the allegations set forth in paragraph 86 of the Complaint, except avers that Defendant may be subject to the minimum wage provisions set forth in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* with respect to certain employees.

88.     Denies the allegations set forth in paragraph 87 of the Complaint.

89.     Denies the allegations set forth in paragraph 88 of the Complaint.

90.     Paragraph 89 of the Complaint sets forth purely legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendant refers the Court to the relevant statutes, regulations and case law for a definition of the relevant terms under the statutes cited therein.

91.     Denies the allegations set forth in paragraph 90 of the Complaint.

92.     Denies the allegations set forth in paragraph 91 of the Complaint.

93.     Denies the allegations set forth in paragraph 92 of the Complaint.

94.     Denies the allegations set forth in paragraph 93 of the Complaint.

95.     Denies the allegations set forth in paragraph 94 of the Complaint.

96.     Denies the allegations set forth in paragraph 95 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

97.     Denies that allegation set forth in paragraph 96, and repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

98.     Denies the allegations set forth in paragraph 97 of the Complaint.

99.     Denies the allegations set forth in paragraph 98 of the Complaint.

100.    Denies the allegations set forth in paragraph 99 of the Complaint.

101.    Denies the allegations set forth in paragraph 100 of the Complaint.

102.    Denies the allegations set forth in paragraph 101 of the Complaint.

103.    Denies the allegations set forth in paragraph 102 of the Complaint.

104.    Denies the allegations set forth in paragraph 103 of the Complaint.

105.    Denies the allegations set forth in paragraph 104 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

106.    Denies that allegations set forth in paragraph 105 of the Complaint, and repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

107.    Denies the allegations set forth in paragraph 106 of the Complaint.

108.    Denies the allegations set forth in paragraph 107 of the Complaint.

109.    Denies the allegations set forth in paragraph 108 of the Complaint

## AS TO THE FOURTH CAUSE OF ACTION

110.    Denies that allegations set forth in paragraph 109 of the Complaint, and repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

111.    Denies the allegations set forth in paragraph 110 of the Complaint.

112.    Denies the allegations set forth in paragraph 111 of the Complaint.

113.    Denies the allegations set forth in paragraph 112 of the Complaint.

114.    Denies the allegations set forth in paragraph 113 of the Complaint.

115.    Denies the allegations set forth in paragraph 114 of the Complaint.

116.    Denies the allegations set forth in paragraph 115 of the Complaint.

117.    Denies the allegations set forth in paragraph 116 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

118.    Denies the allegations set forth in the WHEREFORE clause of the Complaint, and further denies that Plaintiffs and/or the others they seek to represent are entitled to any of the relief demanded therein, A through J, inclusive, or any relief whatsoever.

119.    Denies each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

120.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

121.    Condé Nast is not a proper party to this action, including but not limited to because it did not employ Ballinger or Leib or any other putative members of the "Intern Class."

## THIRD AFFIRMATIVE DEFENSE

122.    Condé Nast is not a proper party to this action, including but not limited to because it did not engage Ballinger or Leib or any other putative members of the "Intern Collective."

## FOURTH AFFIRMATIVE DEFENSE

123.    Neither Plaintiff is deemed to be an "employee" within the meaning of federal or state laws, and they were not an employee of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

124.    Each Plaintiff's and/or the putative collective action and/or class members' claims are barred, in whole or in part, because they were properly classified as unpaid interns and were not employees under applicable laws.

## SIXTH AFFIRMATIVE DEFENSE

125.    Subject to proof through discovery, some or all of each Plaintiff's and/or the putative collective action and/or class members' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

126.    The types of claims alleged by Plaintiff, which are expressly denied, are not appropriate for collective action pursuant to Section 216(b) of the FLSA or class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

127.    If Defendant is found to have failed to pay either Plaintiff and/or any putative member of the collective or class members as alleged in the Complaint any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that its actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, and therefore, Defendant's actions were not willful or in reckless disregard of the FLSA or New York Labor Laws and/or regulations.

## NINTH AFFIRMATIVE DEFENSE

128.     There is no class of persons similarly situated to either Plaintiff and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA or class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

129.     Each Plaintiff's monetary claims, and the claims of the putative collective action and/or class action, are barred, in whole or in part, because he or she has not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

130.     Plaintiffs are inadequate representatives of the putative collective action and/or class action, the existence of which is expressly denied.

## TWELFTH AFFIRMATIVE DEFENSE

131.     Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

132.     Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

133.     Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, under the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

134.     Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, under the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

135.    To the extent either Plaintiff, or any member(s) of the putative collective action and/or class action, has suffered injury, which Defendant expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of such Plaintiff or member of the putative collective or class action, and not any act or omission of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

136.    If Defendant is found to have failed to pay either Plaintiff, and/or any putative collective action and/or class members, any amount due, which Defendant denies, Defendant is entitled to set off any overpayments or other sums owed by Plaintiffs or putative collective action and/or class member against any judgment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

137.    Plaintiffs and/or the putative collective action and/or class members have received full payment for all work performed, thereby barring their claims by among other things, the doctrines of release and payment.

## NINETEENTH AFFIRMATIVE DEFENSE

138.    Plaintiffs' monetary claims, and the monetary claims of the putative collective action and/or class members, are barred, in whole or in part, by their failure to mitigate or avoid their alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

139.    Plaintiffs' claims, in whole or in part, are not sufficient to establish a claim for attorneys' fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

140.    Plaintiffs' demand for liquidated damages renders this action inappropriate for

treatment as a class action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

141.    Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate and complete remedy at law, and/or Plaintiffs cannot make the requisite showing to obtain injunctive relief.

**WHEREFORE**, Defendant respectfully requests that this Court: (a) dismiss the Complaint in its entirety, with prejudice; (b) deny each and every request for relief set forth in the Complaint; (c) award Defendant its reasonable attorneys' fees and legal expenses; (d) award Defendant its costs and disbursements incurred in defense of this action; and (e) award Defendant any other relief the Court deems just and proper.

Dated:    New York, New York
          September 17, 2013

PROSKAUER ROSE LLP

By: *s/ Elise M. Bloom*
          Elise M. Bloom
          Amy F. Melican
          Joshua S. Fox
     Eleven Times Square
     New York, NY  10036-8299
     Phone: (212) 969-3000
     Fax: (212) 969-2900
     ebloom@proskauer.com
     amelican@proskauer.com
     jfox@proskauer.com
     *Attorneys for Defendant*
