UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUREN BALLINGER and MATTHEW LEIB,
on behalf of themselves and all others similarly
situated,

Plaintiffs,

v.

ADVANCE MAGAZINE PUBLISHERS, INC.
d/b/a CONDE NAST PUBLICATIONS,

Defendant.

No. 13 Civ. 4036 (RJS)
ECF Case

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
LAUREN BALLINGER'S DECLARATION IN ITS ENTIRETY AND
PORTIONS OF MATTHEW LEIB'S DECLARATION**

Dated:    New York, New York
          January 17,  2014

PROSKAUER ROSE LLP

By: *s/ Elise M. Bloom*
    Elise M. Bloom
    Amy F. Melican
Eleven Times Square
New York, NY  10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
amelican@proskauer.com
*Attorneys for Defendant*

## PRELIMINARY STATEMENT

In support of his motion asking this Court to certify a collective under the Fair Labor Standards Act ("FLSA") and issue court-authorized notice to individuals who had internships at Condé Nast between June 13, 2010 and December 31, 2013 (the "Relevant Time Period"), Plaintiff Matthew Leib seeks to rely on two declarations; his own and one from Plaintiff Lauren Ballinger.  The Court should strike Ballinger's declaration in its entirety and also strike paragraphs 2, 3 and 13 of Leib's declaration because they solely assert facts from outside the Relevant Time Period and have no probative value with respect to Leib's certification motion.

Ballinger has not asserted any claims under the FLSA and, in fact, does not have any timely FLSA claims with respect to her internships at Condé Nast.  By Ballinger's own admission, she only interned at Condé Nast in 2009 and any claims she may have under the FLSA are time-barred and fall outside the Relevant Time Period.  Thus, Ballinger's declaration offers no relevant evidence pertaining to the internships at issue in the certification motion and the Court should strike her declaration in its entirety.

The Court should also strike paragraphs 2, 3, and 13 of Leib's declaration because those paragraphs discuss his Summer 2009 internship, which took place almost one year before the Relevant Time Period.  Furthermore, Leib's statements in the second sentence of paragraph 15 of his declaration are solely based on speculation and conjecture, and have no probative value.  Accordingly, the Court should strike paragraphs 2, 3 and 13 in their entirety as well as the second sentence of paragraph 15 of Leib's declaration.

## STATEMENT OF RELEVANT FACTS

On June 13, 2013, Plaintiffs Lauren Ballinger and Matthew Leib, who are former interns at Condé Nast, commenced this action seeking unpaid wages under the FLSA and New York Labor Law ("NYLL") in connection with their internships.  (Compl.)

Leib asserts claims for unpaid wages under the FLSA and NYLL and seeks to bring FLSA claims on behalf of a nationwide collective of allegedly "similarly situated" interns at Condé Nast between June 13, 2010 and December 31, 2013 (the "Putative FLSA Collective") who he claims are owed unpaid wages. (Compl. ¶¶ 5, 10, 13, 48).  On November 26, 2013, Leib filed a motion asking this Court to conditionally certify and grant him permission to send court-authorized notice pursuant to § 216(b) of the FLSA to members of the Putative FLSA Collective. In support of this motion, and presumably in an effort to meet his burden of establishing that he is sufficiently "similarly situated" to the Putative FLSA Collective, Leib offered a declaration from Ballinger and another from himself.

Ballinger, however, cannot, and does not, assert any claims under the FLSA.[1]  (Compl. ¶¶ 6, 10, 13.)  Indeed, according to Ballinger's declaration and her allegations in the Complaint, she interned for one of Condé Nast's magazines, *W,* from approximately June 2009 through October 2009. (Ballinger Decl. ¶ 1; Compl. ¶ 9.)  Thus, her claims are untimely under the FLSA's two or three year statute of limitations.

Similarly, in the Complaint and his affidavit Leib asserts that he interned for *The New Yorker*, another of Condé Nast's magazines from approximately June 2009 to August 2009. (Leib Decl. ¶¶ 2, 4; Compl. ¶ 12.)  He asserts he had a second internship with that magazine from approximately June 2010 to September 2010.  (Leib Decl. ¶¶ 2, 4; Compl. ¶ 12.)  Leib also does

---

[1] Ballinger's claims arise solely under the NYLL, which has six-year statute of limitations and she seeks to represent a class of interns under Federal Rule of Civil Procedure 23.

not allege or declare that he gained any personal knowledge of internships at Condé Nast other than in connection with his 2009 and 2010 internships.

## ARGUMENT

### A. Ballinger's Entire Declaration Should Be Struck.

Leib seeks to have this Court conditionally certify a nationwide collective comprised of individuals who had internships with a Condé Nast publication during the Relevant Time Period (i.e., June 13, 2010 to December 31, 2013).  It is undisputed that Ballinger does not have a FLSA claim because her internships with Condé Nast ended in October 2009, and fall outside the applicable statute of limitations. Indeed, Ballinger does not seek to be a representative plaintiff, or even a potential opt-in plaintiff, with respect to the FLSA claims asserted by Leib.

Because Ballinger completed her Condé Nast internship in 2009, almost a year before the Relevant Time Period began, she has no basis for asserting that she has personal knowledge of Condé Nast internship experiences during the Relevant Time Period.  Indeed, in her declaration, Ballinger does not assert that she gained any personal knowledge of Condé Nast's internship program after she completed her internship in or around October 2009 or that her internship experience in 2009 was somehow similar to the experiences of any interns during the Relevant Time Period.  Because Ballinger lacks any personal knowledge from within the Relevant Time Period, her declaration should be stricken in its entirety.  *See, e.g., Fernandez et al. v. Wells Fargo et al*., 12-cv-7193, 2013 WL 4540521 at *7 (S.D.N.Y. Aug. 28, 2013) (refusing to consider evidence predating class period); *Bamgbose v. Delta-T Grp., Inc*., No. 09-667, 2009 U.S. Dist. LEXIS 126880  at *2 (E.D. Pa. Nov. 4, 2009) (striking employee declaration where employee "did not work for the defendant during the relevant time period and his declaration

does not reflect personal knowledge of the conduct of the defendant during the relevant time period").

There is absolutely no evidence to suggest that there was a uniform policy (much less one that was allegedly unlawful, as is required to support a certification request) in place from Ballinger's October 2009 internship to the Relevant Time Period.  Without evidence that the alleged policy was at issue both during the declarant's internship and also during the period applicable to the collective, district courts in this Circuit have declined to consider evidence from outside the class period at the certification stage.  *Fernandez*, 2013 WL 4540521 at *7 (denying conditional certification and Rule 23 certification).  Such a result is warranted here.  Not only is there no basis for finding that Ballinger's internship experience in 2009 has any relationship to any policies or practices that applied to the internship experiences of the Putative Collective, but the declaration submitted by former Human Resources employee David Kaye, sworn to January 17, 2014 ("Kaye Decl.") establishes that the administrative practices and policies were continually evolving and changing with respect to interns during the Relevant Time Period.  *See* Kaye Decl.¶¶ 28-48 (describing numerous changes between January 2011 and December 2013).  Accordingly, Ballinger's declaration describing her 2009 internship is not probative of how internships functioned in June 2010 and thereafter.

Furthermore, district courts have repeatedly stated that an FLSA plaintiff may meet their burden at the conditional certification stage by relying on "their own pleadings, affidavits, declarations, or the affidavits and declarations of other *potential class members*."  *Hallisey v. America Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 WL 465112 at *1 (S.D.N.Y. Feb. 19, 2008) (emphasis added); *accord Amador v. Morgan Stanley & Co. LLC*, No. 11-civ-4326(RJS), 2013 WL 494020 at *2 (S.D.N.Y. Feb. 7, 2013) (Sullivan, D.J.).   Ballinger, however, is not and

cannot be a representative plaintiff or potential class member with respect to the FLSA claims.

Her declaration is of no relevance or probative value and serves solely to unfairly prejudice

Defendant and, thus, it should be stricken from the record.

**B.  Portions of Leib's Declaration That Are Not Relevant to the Certification Motion
Should Be Stricken.**

The portions of Leib's declaration that refer to his summer 2009 internship with *The New

Yorker* should be stricken from the record because they do not contain any evidence from the

Relevant Period and are not probative of the any practices that might have applied with respect to

the Putative Collective.  *See supra*.  Accordingly, paragraphs 2, 3 and 13 of Leib's declaration

should be stricken.

In addition, the second sentence of paragraph 15 of Leib's declaration should be stricken

because it is vague, speculative and is not based on Leib's personal knowledge.  Leib's

statements about his "belief" that other interns "also performed work that benefited *The New

Yorker* as [his] work did" should carry no weight with the court and serves only to prejudice the

Defendant.  *See Rutledge v. Claypool Elec., Inc*., No. 2:12-CV-159, 2012 WL 6593936 at *9

(S.D. Ohio Dec. 17, 2012) (declining to consider inadmissible portions of plaintiffs' affidavits at

conditional certification); *Richards v. Computer Sci. Corp*., No. 3-03-CV-00630(DJS), 2004 WL

2211691 at *1 (D. Conn. Sept. 28, 2004) (adopting admissibility requirements of Fed. R. Civ. P.

56(e) "as a guide" for ruling on motion to strike affidavits submitted in support of motion for

conditional certification).  Indeed, even if the Court was to conclude that the Ballinger and Leib

declarations need not satisfy all standards for admissibility at trial, declarations submitted in

support of conditional certification must be based, at a minimum, on the declarant's personal

knowledge.  Otherwise, the "affidavits submitted would not be any more probative than the bare

allegations in the complaint, and the requirement of factual support would be superfluous."

*White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006).

## <u>CONCLUSION</u>

Plaintiffs' burden at the conditional certification stage is admittedly modest, but it is not nonexistent.  Plaintiffs should not be allowed to circumvent that showing at this early stage in the litigation by relying on untimely FLSA allegations that are not based on any personal knowledge of the policies and practices during the Relevant Time Period.  Accordingly, Defendant respectfully requests that the Court grant its motion to strike Ballinger's declaration and portions of Leib's declaration due to their lack of personal knowledge and failure to show that their time-barred internships had any connection to Defendant's practices during the Relevant Time Period.