**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Michael N. Litrownik
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN BALLINGER and MATTHEW LEIB, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCE MAGAZINE PUBLISHERS, INC. d/b/a CONDÉ NAST PUBLICATIONS,<br><br>Defendant. | No. 13 Civ. 4036 (RJS) |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO SECTION 216(b) OF THE FLSA

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.    The Legal Standard that Applies to Interns Is Not Inherently Individualized ........ 2

        A.    Neither the Department of Labor's Test Nor Defendant's Test Is
            Inherently Individualized ........................................................................ 2

        B.    Defendant's Characterizations of the DOL Test Are Inaccurate ............... 4

    II.    Plaintiff's Evidence Is Sufficient to Meet the First Stage Standard ..................... 6

        A.    Plaintiff Has Identified and Demonstrated a Broad Policy Covering
            Condé Nast Interns ................................................................................... 6

            1.    The Intern Job Postings Corroborate Plaintiffs' Testimony
                About Their Internship Experiences ............................................. 6

            2.    Plaintiffs' Declarations Provide Competent Evidence .................. 9

        B.    The Court Should Not Give Weight to the Un-Cross Examined
            Testimony of Defendant's Corporate Witness ........................................ 10

    III.    The Heightened Standard that Defendant Urges Is Inconsistent with Second
        Circuit Precedent .................................................................................................. 12

    IV.    The Court Should Rule on the Notice Disputes Now So That the Notice Can
        Issue Promptly ...................................................................................................... 14

CONCLUSION ........................................................................................................................... 15

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Alladin v. Paramount Mgmt., LLC,*
    No. 12 Civ. 4309, 2013 WL 4526002 (S.D.N.Y. Aug. 27, 2013) ............................................4

*Amador v. Morgan Stanley & Co. LLC,*
    No. 11 Civ. 4326, 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ...................................... *passim*

*Anglada v. Linens 'n Things, Inc.,*
    No. 06 Civ. 12901, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007) ...........................................8

*Archie v. Grand Cent. P'ship, Inc.,*
    997 F. Supp. 504 (S.D.N.Y. 1998)....................................................................................5

*Brickey v. Dolgencorp, Inc.,*
    272 F.R.D. 344 (W.D.N.Y. 2011)...................................................................................13

*Cohen v. Gerson Lehrman Grp., Inc.,*
    686 F. Supp. 2d 317 (S.D.N.Y. 2010)...........................................................................11

*Cryer v. Intersolutions, Inc.,*
    No. 06 Civ. 2032, 2007 WL 1053214 (D.D.C. Apr. 7, 2007) .................................................15

*Damassia v. Duane Reade, Inc.,*
    No. 04 Civ. 8819, 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ........................................8, 12

*Enriquez v. Cherry Hill Mkt. Corp.,*
    No. 10 Civ. 5616, 2012 WL 440691 (E.D.N.Y. Feb. 10, 2012)...........................................15

*Fernandez v. Wells Fargo Bank. N.A.,*
    No. 12 Civ. 7193, 2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013) ......................................7, 10

*Gambo v. Lucent Techs., Inc.,*
    No. 05 Civ. 3701, 2005 WL 3542485 (N.D. Ill. Dec. 22, 2005) ...........................................15

*Glatt v. Fox Searchlight Pictures, Inc.,*
    293 F.R.D. 516 (S.D.N.Y. 2013) ................................................................................. *passim*

*Guillen v. Marshalls of MA, Inc.,*
    750 F. Supp. 2d 469 (S.D.N.Y. 2010)........................................................................10, 13

*Hallissey v. Am. Online, Inc.,*
    No. 99 Civ. 3785, 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) ..........................................3, 14

*Harris v. Vector Mktg. Corp.*,
    716 F. Supp. 2d 835 (N.D. Cal. 2010) ...................................................................................3

*Hart v. Rick's Cabaret Int'l Inc.*,
    No. 09 Civ. 3043, 2010 WL 5297221 (S.D.N.Y. Dec. 20, 2010)..............................................3

*Hernandez v. NGM Mgmt. Grp. LLC*,
    No. 12 Civ. 7795, 2013 WL 5303766 (S.D.N.Y. Sept. 20, 2013)......................................1, 10

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
    239 F.R.D. 363 (S.D.N.Y. 2007) ........................................................................................10

*Ikikhueme v. CulinArt, Inc.*,
    No. 13 Civ. 293, 2013 WL 2395020 (S.D.N.Y. June 3, 2013)..............................................10

*Jenkins v. TJX Companies Inc.*,
    853 F. Supp. 2d 317 (E.D.N.Y. 2012) .................................................................................13

*Jirak v. Abbot Labs., Inc.*,
    566 F. Supp. 2d 845 (N.D. Ill. 2008) .................................................................................15

*Kaplan v. Code Blue Billing & Coding, Inc.*,
    504 F. App'x 831 (11th Cir. 2013) (per curiam) ....................................................................4

*Kelly v. Bluegreen Corp.*,
    256 F.R.D. 626 (W.D. Wis. 2009) .......................................................................................15

*Lujan v. Cabana Mgmt., Inc.*,
    No. 10 Civ. 755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011)............................................1, 9

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010)..................................................................................3, 4, 13, 14

*Perry v. Nat'l City Mortg., Inc.*,
    No. 05 Civ. 891, 2007 WL 1810472 (S.D. Ill. June 21, 2007).............................................15

*Pippins v. KPMG LLP*,
    No. 11 Civ. 0377, 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012)...................................................8

*Reich v. Parker Fire Prot. Dist.*,
    992 F.2d 1023 (10th Cir. 1993) ...........................................................................................4

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*,
    No. 12 Civ. 265, 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013)..............................................10

*Silva v. Calle 8 LLC*,
    No. 12 Civ. 677, 2013 WL 6330848 (E.D.N.Y. Dec. 5, 2013) .............................................10

*Summa v. Hofstra Univ.*,
   715 F. Supp. 2d 378 (E.D.N.Y. 2010) ............................................................... *passim*

*Velez v. Sanchez*,
   693 F.3d 208 (2d Cir. 2012) ................................................................................5

*Wang v. Hearst Corp.*,
   293 F.R.D. 489 (S.D.N.Y. 2013) .........................................................................5

*Wang v. Hearst Corp.*,
   No. 12 Civ. 793, 2012 WL 2864524 (S.D.N.Y. June 12, 2012) ..................... *passim*

*Winfield v. Citibank, N.A.*,
   843 F. Supp. 2d 397 (S.D.N.Y. 2012) ..............................................................7, 12

## WAGE AND HOUR OPINION LETTERS

Fair Labor Stand Act, Op. Letter
   1995 WL 1032496 (Dep't of Labor July 11, 1995) ...............................................12

Fair Labor Stand Act, Op. Letter,
   1996 WL 1031777 (Dep't of Labor May 8, 1996) ................................................12

## PRELIMINARY STATEMENT

The Court should reject Defendant's premature attack on the merits, its request that the Court apply a higher evidentiary burden on Plaintiff than the one that the Second Circuit has endorsed and courts in this Circuit routinely apply at the first stage of the Fair Labor Standards Act ("FLSA") collective action process, and its proposal to change Plaintiff's proposed notice by reducing the opt-in period, inviting collective members to contact Defendant's counsel, and eliminating the Court's name.

First, all of the courts that have considered motions for FLSA certification brought by interns have granted certification and none have held that the legal standard that applies to the merits is too individualized to issue notice. *See Wang v. Hearst Corp.*, No. 12 Civ. 793, 2012 WL 2864524, at *1-3 (S.D.N.Y. June 12, 2012); *Glatt v. Fox Searchlight Pictures, Inc.*, 293 F.R.D. 516, 538 (S.D.N.Y. 2013).

Second, at this early stage, before discovery, Plaintiff's declarations and intern job postings showing that Condé Nast subjected interns to the same policy of paying them less than the minimum wage, classifying them as non-employees, and assigning them work as part of its regular operations are sufficient to meet his light burden. *See Wang*, 2012 WL 2864524, at *2. It is well-settled in this Circuit that the evidentiary standards that apply to later phases of the case do not apply at the first FLSA stage and that plaintiffs may rely on evidence outside of the statute of limitations period if it is probative of the timely wage and hour violations. *See Hernandez v. NGM Mgmt. Grp. LLC*, No. 12 Civ. 7795, 2013 WL 5303766, at *3 (S.D.N.Y. Sept. 20, 2013); *Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755, 2011 WL 317984, at *5 (E.D.N.Y. Feb. 1, 2011).

Defendant's other attacks on Plaintiff's evidence should also be rejected because they would require the Court to weigh its evidence against Plaintiff's evidence and decide merits

issues, which are not appropriate at the first stage.  *See Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 WL 494020, at *3 (S.D.N.Y. Feb. 7, 2013).  After notice issues and the parties complete discovery, Defendant will have the opportunity to attempt to show that the individuals who actually opt-in are not similarly situated to Plaintiff.  *Id*. at *4.

Finally, Defendant's requests to limit the opt-in period to less than 75 days and to include its counsel's name and contact information on the notice so that collective members can contact them were recently rejected by another court in this District and should be rejected in this case too.  The Court's name should appear on the notice so that collective members know where the case is pending and which court authorized the mailing.  Prominent language in the notice makes clear that the Court has not ruled in either party's favor and has taken no position on the merits.

## ARGUMENT

**I.      The Legal Standard that Applies to Interns Is Not Inherently Individualized.**

There is no merit to Defendant's argument that the legal standard that applies to unpaid interns is inherently too individualized to grant conditional certification.  The only two courts in this District that have addressed this argument rejected it and certified the FLSA collectives.  *See Wang*, 2012 WL 2864524, at *1-3 (rejecting Hearst's argument that the class and collective allegations should be stricken because the legal test for interns is too individualized and granting the plaintiffs' conditional certification motion); *Glatt*, 293 F.R.D. at 538 (certifying unpaid intern collective under the "heightened" second stage standard).

### A.      Neither the Department of Labor's Test Nor Defendant's Test Is Inherently Individualized.

The Court need not decide what test it will ultimately apply at the merits stage now. Neither the U.S. Department of Labor's ("DOL's") test nor Defendant's "primary beneficiary" test precludes conditional certification.  In *Glatt*, for example, the court adopted the DOL's test

and certified a class under Rule 23 and a collective under the second stage FLSA standard.  *See* 293 F.R.D. at 531-32, 534-38.  In *Wang*, the Court conditionally certified the collective and ultimately adopted the primary beneficiary test.  *Wang*, 2012 WL 2864524, at *1-2.

Defendant undermines its own argument when it attacks the holding in *Glatt* that the primary beneficiary is too "unpredictable" and "unmanageable."  *See* 293 F.R.D. at 532. Defendant argues that the primary beneficiary test is not unmanageable because it evaluates what interns actually do and is "no different" from the test courts "regularly" use to evaluate FLSA exemption cases.  Def.'s Opp'n 11.  Courts routinely grant conditional certification in FLSA exemption cases, *see Myers v. Hertz Corp*., 624 F.3d 537, 549 (2d Cir. 2010), and the Court should also do so here.

Defendant fails to cite a single case where a court refused to grant conditional certification because the legal standard that applies to unpaid interns is "inherently individualized."  It also ignores two other cases, in addition to *Wang* and *Glatt*, that granted conditional certification of purported "trainees."  *See Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 386-87 (E.D.N.Y. 2010) (denying defendant's objections to magistrate judge's conditional certification of student workers); *Harris v. Vector Mktg. Corp*., 716 F. Supp. 2d 835, 840-41, 846 (N.D. Cal. 2010) (granting conditional certification of sales "trainees").

In fact, Courts routinely certify collectives where the merits require an evaluation of a variety of factors.  *See, e.g*., *Hart v. Rick's Cabaret Int'l Inc*., No. 09 Civ 3043, 2010 WL 5297221, at *3, 6-7 (S.D.N.Y. Dec. 20, 2010) (economic reality test for "independent contractors"); *Hallissey v. Am. Online, Inc*., No. 99 Civ. 3785, 2008 WL 465112, at *2 (S.D.N.Y. Feb. 19, 2008) (economic reality test for unpaid "volunteers").

Defendant is wrong that the Second Circuit endorsed its view that cases involving fact-intensive inquiries cannot be certified.  Def.'s Opp'n 15.  In *Myers*, the Second Circuit explicitly rejected this approach, holding, "[w]e do not understand Hertz to contend that [its] exemption [defense] is an *inherently* individualized inquiry, such that class treatment will never be appropriate in exemption cases."  624 F.3d at 549.  It then cited with approval cases in which "district courts in this Circuit ha[d] certified classes on state law claims that turn[ed] on the question of FLSA exemption for a particular group of employees."  *Id.*

Defendant jumps the gun when it claims that Plaintiffs will be unable to prove that they and other interns are similarly situated with respect to the first, second, and fourth factors of the DOL test and that certification should therefore be denied.  Def.'s Opp'n 13.  This argument belongs at the second stage when, after discovery and on a full record, the Court can determine "whether the need for individual analysis makes a collective action inappropriate."  *Amador*, 2013 WL 494020, at *8 (citation omitted).  In *Glatt*, for example, after discovery and on a full record, the court found that there was sufficient common evidence to support class certification under Rule 23 and collective certification under the second stage standard.  *See* 293 F.R.D. at 534-38.

## B.     Defendant's Characterizations of the DOL Test Are Inaccurate.

Defendant's primary beneficiary test is not the one that most courts have used.  In fact, like the *Glatt* court, most courts have relied on the DOL test.  *See Kaplan v. Code Blue Billing & Coding, Inc.*, 504 F. App'x 831, 834-35 (11th Cir. 2013) (per curiam) (holding that the DOL test "constitute[s] a body of experience and informed judgment to which courts and litigants may properly resort for guidance") (citation omitted); *Reich v. Parker Fire Prot. Dist.*, 992 F.2d 1023, 1025-27 (10th Cir. 1993) (same); *Alladin v. Paramount Mgmt., LLC*, No. 12 Civ. 4309, 2013

WL 4526002, at *3 (S.D.N.Y. Aug. 27, 2013) (relying on DOL test and holding that an "intern" was an employee during the training period before she started her employment); *Summa*, 715 F. Supp. 2d at 389-90 (upholding conditional certification and noting that defendant could later move for summary judgment after discovery if it could prove each of the criteria of the DOL test applied to some or all of the collective members); *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 532 (S.D.N.Y. 1998) (applying the DOL test to evaluate so-called "trainees" and finding the test to be "a reasonable application of the FLSA and *Portland Terminal* and entitled to deference by this court"); *see also Wang v. Hearst Corp.*, 293 F.R.D. 489, 494 (S.D.N.Y. 2013) (the DOL test "suggests a framework for an analysis of the employee-employer relationship" that "emanate[d] from the agency that administers the laws under which Plaintiffs brought th[e] lawsuit" and has been found by courts in this district to be "'a reasonable application of the FLSA and . . . entitled to deference by this court'") (quoting *Archie*, 997 F. Supp. at 531).

The Second Circuit did not adopt the primary beneficiary test in an "analogous" circumstance, as Defendant claims. *Velez v. Sanchez* dealt with a different issue: whether a relative was a domestic worker covered by the FLSA. 693 F.3d 308, 330 (2d Cir. 2012). Moreover, *Velez* did not adopt a primary beneficiary test at all. Rather, it examined *seven* "economic reality" factors, only one of which addressed the primary beneficiary of the relationship. *See id*. at 326, 329-30 (listing seven factors courts should consider, including whether the alleged employer hired or fired, set hours and terms of work, maintained records, and promised compensation). Contrary to Defendant's argument, the multi-factor approach in *Velez* is similar to the approach in *Glatt*. *See Glatt*, 293 F.R.D. at 532-34 (adopting the DOL

test, which includes, but is not limited to, whether the internship was for the benefit of the interns).

## II.      Plaintiff's Evidence Is Sufficient to Meet the First Stage Standard.

Plaintiff's evidence, consisting of his own testimony, the testimony of Lauren Ballinger, and several similar intern job postings, is sufficient to satisfy his "modest" showing that he and other interns were subject to the same policy of classifying them as non-employees and requiring them to work for less than the minimum wage. *See Wang*, 2012 WL 2864524, at *2; *Summa*, 715 F. Supp. 2d at 386-87. Defendant repeatedly claims, without support, that all interns were different, but does not refute the evidence that Plaintiff submitted or show that it fails to meet his low burden.

### A.      Plaintiff Has Identified and Demonstrated a Broad Policy Covering Condé Nast Interns.

#### 1.      The Intern Job Postings Corroborate Plaintiffs' Testimony About Their Internship Experiences.

Condé Nast's intern job postings uniformly describe work that is beneficial to Condé Nast, do not discuss training other than on-the-job training, and indicate sub-minimum wage compensation. This corroborates Plaintiff's declaration testimony and supports his showing that he is likely similarly situated to other Condé Nast interns. *See Wang*, 2012 WL 2864524, at *2 (affidavits showing that interns performed entry-level work supported conditional certification).

The job postings that Plaintiff submitted are more than enough to meet his light burden given that discovery had not even begun, even if the postings do not cover each and every internship during the FLSA period. Defendant notes some temporal gaps but, critically, it has not submitted postings from those periods showing that they differed materially from the postings that Plaintiff submitted. *See* Def.'s Opp'n 18-19. Defendant has also not cited any case

requiring Plaintiff to authenticate job postings at the conditional certification stage or lay a foundation about "when they were drafted" or "who drafted the[m]" in order to use them to support conditional certification.[1]  *See id*. at 19.  Courts routinely consider wholly inadmissible evidence at the conditional certification stage.  *See Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402-03 (S.D.N.Y. 2012) (collecting cases in which courts had permitted hearsay and other non-admissible evidence at the conditional certification stage).

Defendant argues that the job postings help its merits defense because they advertise a "Company-wide educational project that . . . provide[d] a hands-on learning experience" to interns "separate from their internships."  *See* Def.'s Opp'n 19.  Although the Court may not weigh the merits at this stage, *see Amador*, 2013 WL 494020, at *3, evidence of a "Company-wide educational" component to Condé Nast's "Intern Program" supports certification. Similarly, Defendant claims that the duties discussed in the postings could be spun in its favor as "opportunities" and that where Plaintiffs see "work" in the postings, it sees "shadow[ing]" or "receiv[ing] closely supervised hands-on training."  Def.'s Opp'n 21.  Although the postings do not say what Defendant would like them to say, they present a common factual issue.  In fact, Defendant admits that they are the same (at least when it comes to its own merits argument): "There is no basis for finding that *any of the activities* described in Leib's motion were *anything other than* a mechanism for providing training and educational opportunities and/or that the interns were not the primary beneficiary of the relationship."  *Id*. (emphasis added).  This supports conditional certification.

---

[1]      In *Fernandez v. Wells Fargo Bank. N.A.*, No. 12 Civ. 7193, 2013 WL 4540521 (S.D.N.Y. Aug. 28, 2013), on which Defendant relies, the court gave certain policy documents "minimal weight" because, without more background information about them, there was no way "to link them" to the class that the plaintiffs sought to certify.  *Id*. at *7-8.  Here, the Court can easily "link" the job postings to the collective that Plaintiff seeks to certify because they all discuss internships at Condé Nast.

Defendant's contention that the job postings are irrelevant because they cannot prove that the individuals who filled the jobs actually performed the duties they describe is meritless. They are certainly relevant evidence. Courts routinely rely on job postings and job descriptions to grant conditional certification in wage and hour cases. *See, e.g., Pippins v. KPMG LLP*, No. 11 Civ. 0377, 2012 WL 19379, at *9 (S.D.N.Y. Jan. 3, 2012) (relying in part on plaintiffs' job description to grant conditional certification); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 WL 2853971, at *4 (S.D.N.Y. Oct. 5, 2006) (same).[2]

Furthermore, job postings need not be identical to support conditional certification as long as, like here, they are similar in ways that are material to whether Condé Nast interns were properly classified as non-employees. *See Summa,* 715 F. Supp. 2d at 391 ("[U]nder section 216(b) parties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations, provided they are subject to a common unlawful policy or practice.") At this early stage, the postings, which all describe productive work for which Condé Nast paid less than the minimum wage, coupled with Plaintiffs' testimony

---

[2]     *Anglada v. Linens 'n Things, Inc.*, No. 06 Civ. 12901, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007), which refused to rely on job postings, appears to be based in part on the premise, which has been rejected by most courts, that a plaintiff must specifically identify collective members who would be interested in joining the lawsuit in order to certify a collective. *See id*. at *5 ("These job descriptions and postings, however, do not evince whether prospective employees are in fact similarly situated to the Plaintiff or *whether such similarly situated employees would opt-in to this FLSA lawsuit*. Job vacancy postings *suggest that there is an absence, rather than a presence, of employees who may be interested in opting into this action* as they are, by definition, postings of unfilled positions of employment with the Defendant.") (emphasis added). Moreover, here, Defendant has not shown that the internship postings that Plaintiff submitted were not filled by interns or that interns did not perform the duties set forth in the postings.

of what they did and how they were paid as interns, is sufficient to grant conditional certification.[3]  *See Summa,* 715 F. Supp. 2d at 391; *Wang*, 2012 WL 2864524, at *2.

### 2.      Plaintiffs' Declarations Provide Competent Evidence.

There is no merit to Defendant's argument that the Plaintiffs' declarations are incompetent because they describe internships outside of the FLSA period or are based on personal observations.[4]  First, courts routinely rely on employee declarations describing work outside of the FLSA period where the evidence is "probative of employers' wage and hour practices" and "corroborate[s] the claims of more recent violations."  *Lujan*, 2011 WL 317984, at *5.  Here, the internships that Leib and Ballinger had in 2009 shed light on internships within the FLSA period and corroborate Leib's claim that the internship he and other interns had during the FLSA period were unlawful.  Defendant does not even attempt to demonstrate anything different.

Second, Leib's testimony that he "observed" many other interns during his internships is sufficient to support his assertion that these interns also performed work that benefited Condé Nast.  *See* ECF No. 24-7 (Leib Decl.) ¶¶ 13-15.  Defendant fails to cite any case in which a court in this Circuit has "struck" declarations that did not specifically identify the names of the individuals whom the plaintiff observed or describe exactly what they did.  *See* Def.'s Opp'n 17.

---

[3]      Contrary to Defendant's assertion, Plaintiffs did not cite to *Glatt* for the proposition that job postings can support conditional certification.  *See* Def.'s Opp'n 22.  Even though the *Glatt* court believed the intern request forms in that case were "individualized," it was evaluating the evidence under the much higher Rule 23 and second stage FLSA standards.  *See* 293 F.R.D. at 536.  In contrast, in both *Summa* and *Wang*, the courts granted conditional certification under the lower standard, even though the plaintiffs described performing different tasks, because they were all subject to the same policy of not paying them minimum wages and treating them as non-employees.  *See Summa,* 715 F. Supp. 2d at 391; *Wang*, 2012 WL 2864524, at *2.

[4]      Plaintiffs have addressed these arguments in greater detail in their Opposition to Defendant's Motion to Strike.  *See* ECF No. 38.

In fact, "courts in this Circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez*, 2013 WL 5303766, at *3; *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 265, 2013 WL 208909, at *1 (S.D.N.Y. Jan. 10, 2013) (named plaintiff's affidavit swearing that she "observed" other similarly situated employees and had "knowledge" that they were subject to the same illegal policies sufficient to meet light burden); *see also Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class.").

The cases on which Defendant relies are distinguishable because the plaintiffs there did not rely on their observations of other similarly situated workers. *See Ikikhueme v. CulinArt, Inc.*, No. 13 Civ. 293, 2013 WL 2395020, at *2 (S.D.N.Y. June 3, 2013) (plaintiff relied on his "understanding" of other employees' duties and responsibilities); *Silva v. Calle 8 LLC*, No. 12 Civ. 677, 2013 WL 6330848, at *4 (E.D.N.Y. Dec. 5, 2013) (plaintiff alleged that others were treated similar to him "upon information and belief"); *Fernandez*, 2013 WL 4540521, at *8 (plaintiff claimed he was "aware of" other workers); *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 477 (S.D.N.Y. 2010) (plaintiffs stated that others performed similar tasks but did not claim to have observed them).

### B.   The Court Should Not Give Weight to the Un-Cross Examined Testimony of Defendant's Corporate Witness.

Defendant relies exclusively on the testimony of its former Human Resources Project Manager, David Kaye, to attempt to refute Plaintiff's showing.  "[C]ourts in this Circuit regularly conclude that [employee] declarations do not undermine the plaintiffs' showing in the

first stage of the conditional certification process" because weighing the defendant's evidence against the plaintiff's evidence would require the Court to make credibility judgments, determine the facts, and resolve legal issues, "all of which the conditional certification and potential later decertification process is structured so as to avoid." *Amador*, 2013 WL 494020, at *8-9 (internal quotation marks omitted).  Plaintiff has also not had the opportunity to depose Kaye.  *See Cohen v. Gerson Lehrman Grp., Inc.,* 686 F. Supp. 2d 317, 329 (S.D.N.Y. 2010) ("[I]t would be inappropriate to rely on defendants' affidavits at an early stage of litigation, prior to the affiants' availability for deposition.")

If the Court considers Kaye's declaration, it should accord it little weight because Kaye does not purport to have personal knowledge about what any particular interns did except the one he personally supervised in 2010.  *See* ECF No. 35 (Kaye Decl.) ¶¶ 2-3.  Because Kaye lacks personal knowledge of what interns did, the Court should not rely on Kaye's assertion that "each Intern's experience was unique" and differed depending on their supervisor, their motivations, where they worked, and the office location.  *See id*. ¶ 7.  Moreover, even if interns had different supervisors, different schedules, and worked in different departments, that does not necessarily make them differently situated with respect to their claim that they should have been paid the minimum wage.  *See Amador*, 2013 WL 494020, at *5 n.5 ("Courts have found employees similarly situated for purposes of the FLSA where they performed different job functions or worked at different locations, as long as they were subject to the same allegedly unlawful policy.") (internal quotation marks omitted); *Glatt*, 293 F.R.D. at 538 (certifying nationwide collective of interns based on generalized proof that interns were used to displace paid workers, despite interns' "disparate factual and employment settings").  Kaye also does not point to any evidence that having a different supervisor or working more hours actually affected whether

interns provided an immediate benefit to Condé Nast, impeded the company's operations, displaced other employees, or worked solely for their own benefit.

## III.    The Heightened Standard that Defendant Urges Is Inconsistent with Second Circuit Precedent.

Defendant asks the Court to apply a higher standard to Plaintiff's motion than the one that the Second Circuit has endorsed and the majority of courts in this Circuit have applied. First, Defendant is wrong that Plaintiff must *prove* that Condé Nast's policy of not paying interns minimum wages is unlawful before the Court can authorize notice. *See* Def.'s Opp'n 22-23. A plaintiff must simply allege an unlawful policy and make a modest factual showing that he and others were similarly situated with respect to it, which Plaintiff has done here.[5] *See Damassia*, 2006 WL 2853971, at *5 ("The focus [at the conditional certification stage] is not on whether there has been *an actual violation of law* but rather on whether the proposed plaintiffs are 'similarly situated' . . . with respect to *their allegations that the law has been violated*.") (citation and internal quotation marks omitted) (emphasis added); *see also Winfield*, 843 F. Supp. 2d at 405 (granting conditional certification based on "the plaintiffs' and declarants' *common*

---

[5]     The DOL Opinion Letters that Defendant cites do not hold that "intern programs for academic credit are presumptively lawful." Def.'s Opp'n 23 n.16. To the contrary, they opined that employers must meet each of the six factors to avoiding paying student workers. *See* Fair Labor Standards Act (FLSA), 1996 WL 1031777, at *1, Op. Letter (Dep't of Labor May 8, 1996); Fair Labor Standards Act (FLSA), 1995 WL 1032496, at *1-2, Op. Letter (Dep't of Labor July 11, 1995). To the extent that they discussed college credits, the Opinion Letters explicitly address "internships *under a college program*" – not programs like Condé Nast's administered by a for-profit employer. *See* 1996 WL 1031777, at *1; 1995 WL 1032496, at *1-2. *See also Glatt*, 293 F.R.D. at 537 ("A university's decision to grant academic credit is not a determination that an unpaid internship complies with the NYLL. Universities may add additional requirements or coursework for students receiving internship credit, but the focus of the NYLL is on the requirements and training provided by the alleged employer.")

*allegations* that they were effectively required to work more than forty hours per week but were

not compensated for all overtime hours") (emphasis added).[6]

Second, Defendant attempts to raise the evidentiary bar that Plaintiff must meet, pointing

to cases in which the plaintiffs have relied on more evidence than Plaintiff does here.  The

Second Circuit confirmed in *Myers*, however, that a "low standard of proof" is required at the

conditional certification stage, 624 F.3d at 555, because plaintiffs typically move for notice

before discovery has even begun.  *See Amador*, 2013 WL 494020, at *8 ("the overwhelming case

law in this Circuit clearly holds that 'a heightened standard is not appropriate during the first

stage of the conditional certification process and should only be applied once the entirety of

discovery has been *completed*'") (collecting cases and quoting *Winfield*, 843 F. Supp. 2d at 403

n.3).

The fact that the plaintiffs in *Amador* took seven months of discovery (presumably while

the statute of limitations was running) before they moved for conditional certification and, as a

result, moved based on a fuller record than the Plaintiff does here does not mean that that

quantum of evidence is necessary to satisfy the first stage standard.  To the contrary, courts have

---

[6]    Plaintiff has not alleged a *de facto* policy, he has alleged an official policy – not paying interns minimum wages for their work – that Defendant does not deny applied to Plaintiff and potential collective members.  *See* Def.'s Opp'n 24.  The *de facto* policy cases on which Defendant relies are inapplicable.  *Brickey v. Dolgencorp, Inc.*, 272 F.R.D. 344 (W.D.N.Y. 2011) is unlike this case because it involved an unlawful practice of requiring workers to do off-the-clock work that conflicted with the employers' lawful policy of paying overtime and the plaintiffs failed to point to any evidence showing that the practice went beyond their own personal experiences.  *See id.* at 347-48.  *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 (S.D.N.Y. 2010) is also distinguishable because there the plaintiffs claimed that they performed non-exempt work even though it was not reflected in the company's official job descriptions. *See id.* at 475-77.  In contrast, here, Plaintiff has submitted job postings which, he alleges, *are probative* of what interns did, their compensation, and the training they received.  In *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317 (E.D.N.Y. 2012), the plaintiff alleged that his primary duty was non-exempt work but did not allege that the employer's official, formal policy mandated non-exempt work and could not point to any evidence other than his own personal experience to show that others also performed non-exempt work.  *Id.* at 321-22.

consistently described the burden at the first stage as "modest," "minimal," and capable of being

met based solely on the plaintiff's declaration and the allegations of the complaint.  *See Myers*,

624 F.3d at 555; *Amador*, 2013 WL 494020, at *4; *Hallissey*, 2008 WL 465112, at *1.

**IV.    The Court Should Rule on the Notice Disputes Now So That the Notice Can Issue Promptly.**

The Court should rule on the parties' fully-briefed notice disputes now because there are

no open issues requiring the parties to meet and confer.[7]

The Court should reject all of the changes to the notice that Defendant proposes.[8]  With

respect to the opt-in period and inclusion of Defendant's counsel's contact information, the

defendants in *Glatt* raised both of these challenges and Judge Pauley correctly rejected them.

First, Judge Pauley held that a 75-day opt-in period was appropriate especially given the

challenge of locating former interns many of whom were students with multiple addresses at the

time they interned.  ECF No. 24-6 (*Glatt v. Fox Searchlight Pictures Inc.*, Ct. Tr., Nov. 1, 2013)

2:25-3:8.  Second, Judge Pauley agreed with the plaintiffs that the notice should not advise

collective members that they may seek information about the case from Defendant.  ECF No. 40-

1 (*Glatt v. Fox Searchlight Pictures Inc.*, Ct. Tr., Nov. 1, 2013) 5:8-8:10.  Courts have routinely

rejected defendants' requests to have their counsel's information included in the notice because

---

[7]     In Plaintiff's opening brief, he requested that the Court toll the statute of limitations while this motion is pending and authorize him to send notice to collective members who interned within three years of the filing of the complaint.  ECF No. 25 at 18-19.  Although Defendant opposes these requests, Plaintiff will not re-argue these points here because they were fully addressed in his opening brief.  Defendant has not objected to providing the electronic data that Plaintiff requested in his motion.  *See id*. at 19-20.

[8]     Contrary to Defendant's contention, the notice that Plaintiff proposed does inform collective members that they may retain their own counsel if they do not wish to be represented by Outten & Golden LLP.  *See* ECF No. 24-4 (Notice) ¶ 14 ("If you do not want to be represented by Outten & Golden in connection with his lawsuit, you may choose to retain your own counsel (at your own expense).").

they "do[] not play a role in managing the distribution of the notice or the gathering of consent forms," and would "only create[] the potential for confusion of those who receive the notice." *Cryer v. Intersolutions, Inc.*, No. 06 Civ. 2032, 2007 WL 1053214, at *3 (D.D.C. Apr. 7, 2007).[9]

The notice should include the Court's name so that collective members know where the case is pending and which Court authorized the notice to be issued.  The inclusion of the Court does not create "the impression of judicial sponsorship of th[e] litigation," especially because the notice explicitly states in bold just a few lines below: "NOTE: This Notice is not an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party to this action."[10]  *See* ECF No. 24-4 (Notice) at 1.  The Federal Judicial Center's model class action notices also recommend including the name of the Court.[11]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion in its entirety.

---

[9]      *See also Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616, 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012) ("The Court is not aware of any reason potential plaintiffs would need to communicate with the defendants' counsel, or vice versa."); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009) (defense counsel's information "is both unnecessary and inappropriate"); *Perry v. Nat'l City Mortg., Inc.*, No. 05 Civ. 891, 2007 WL 1810472, at *4 (S.D. Ill. June 21, 2007) ("It would not make sense for a potential putative class member to seek information from Defendant's counsel."); *Gambo v. Lucent Techs., Inc.*, No. 05 Civ. 3701, 2005 WL 3542485, at *7 (N.D. Ill. Dec. 22, 2005) (noting "there is no basis in law or logic for" defendant's counsel's contact information to be included in the notice).

[10]      This language will address any concern that the notice may "suggest to potential plaintiffs that the Court has lent its imprimatur to the merits of th[e] case." *See Jirak v. Abbot Labs., Inc.*, 566 F. Supp. 2d 845, 851 (N.D. Ill. 2008).

[11]      *See* http://www.fjc.gov (last visited Jan. 31, 2014).

Dated:  New York, New York
January 31, 2014

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By:

/s/ Rachel Bien
Rachel Bien

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Michael N. Litrownik
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

*Attorneys for Plaintiffs*

16