USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/29/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LAUREN BALLINGER and MATTHEW       :
LEIB, on behalf of themselves and
all others similarly situated,     :     13 Civ. 4036 (HBP)

                      Plaintiffs,  :

                                         ORDER GRANTING
        -against-                  :     PRELIMINARY
                                         APPROVAL OF
ADVANCE MAGAZINE PUBLISHERS,       :     SETTLEMENT
INC., d/b/a CONDÉ NAST                   STIPULATION AND
PUBLICATIONS,                      :     OTHER RELIEF

                      Defendant.   :

----------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction


          By notice of motion dated November 13, 2014, plaintiffs

move for (1) the preliminary approval of the parties' settlement

stipulation, (2) conditional certification pursuant to

Fed.R.Civ.P. 23(a) and (b)(3) of a proposed class of persons

asserting claims under the New York Labor Law ("Labor Law"), (3)

appointment of Outten & Golden LLP as class counsel, (4) approval

of a proposed notice of class and collective action settlement, a

proposed notice of collective action settlement and a proposed

reminder postcard and (5) an order directing the distribution of

the proposed notices (Docket Item 54).  The parties have con-

sented to my exercising plenary jurisdiction pursuant to 28
U.S.C. § 636(c).  For the reasons set forth below, the motion is
granted in all respects.

II.  Facts

          The proposed settlement covers two overlapping groups
of plaintiffs:  (1) all individuals who had an internship at
Condé Nast between June 13, 2010 and the date of this Order and
(2) all individuals who had an internship in New York State at
Condé Nast between June 13, 2007 and the date of this Order.  The
former group captures those individuals who have a claim under
the Fair Labor Standards Act ("FLSA") while the latter group
captures those who have a claim under the Labor Law.  The pro-
posed settlement provides that defendant will pay a total of
$5,850,000 to cover payments to participating class members,
attorney's fees and costs, service fees and administrative fees
and expenses.  The parties estimate that class members who
participate in the settlement will receive payments ranging from
$700 to $1,900 per internship, depending on the type of intern-
ship the participant had and whether the intern received a
stipend.  Because the settlement provides for a pro rata distri-
bution among interns electing to participate in the settlement,
the actual amount each intern will receive cannot be calculated

                              2

at this time.  The settlement agreement also provides that class

counsel will seek approval for an award of $650,000, or approxi-

mately  11.11% of the settlement fund, as fees, plus costs of no

more than $10,000.[1]

III.  Analysis

      A.  Preliminary Approval
         of the Class Settlement

      The preliminary determination of fairness "is at most a

determination that there is what might be termed 'probable cause'

to submit the proposal to class members and hold a full-scale

hearing as to its fairness."  In re Traffic Exec. Ass'n --

Eastern R.Rs., 627 F.2d 631, 634 (2d Cir. 1980).  "A 'presumption

of fairness, adequacy, and reasonableness may attach to a class

settlement reached in arm's-length negotiations between experi-

enced, capable counsel after meaningful discovery.'"  Wal-Mart

Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir.

2005), quoting Manual for Complex Litigation, § 30.42 (3rd ed.

1995).

---

    [1]The proposed settlement agreement is lengthy and highly
detailed.  The summary set forth herein highlights only the major
aspects of the agreement.

The principal aspects of the settlement were the result of lengthy settlement conferences held before me on February 4, February 27 and March 19, 2014.  The parties were represented by capable counsel all of whom have extensive experience in employment litigation and whose firms are generally (and appropriately) regarded as being among the top employment law firms in the District.  Counsel represented their clients diligently and zealously.

Although the fact that the settlement is the product of extensive negotiations between capable counsel gives rise to a presumption of fairness, the factors identified in City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by Goldberg v. Integrated Res., Inc., 209 F.3d 423 (2d Cir. 2000), to the extent they are relevant at the preliminary stage, also warrant preliminary approval of the settlement.

      1.   The Complexity, Expense and
              Likely Duration of the Litigation

Litigation would likely be lengthy and expensive.  The parties would, no doubt, dispute liability and the appropriateness of class certification.  In addition, given the magnitude of the case and the amount of money involved, an appeal would

4

probably be taken regardless of the outcome of a trial or
dispositive motion.

    2.   The Stage of the Proceedings and
          the Amount of Discovery Completed

       Although the matter was settled before depositions
were conducted, the discussion before me at the settlement
conferences demonstrated that both sides were well acquainted
with the facts and the nature of the various internships at
issue.  Both sides' clients were able to provide first-hand
information to counsel concerning the nature of the duties
undertaken by the various types of interns included in the
proposed classes.  Both sides were sufficiently familiar with the
facts to make an intelligent decision concerning the merits of
the settlement.

    3.   The Risks of
          Establishing Liability

       Whether interns are employees within the meaning of the
FLSA and the Law is unsettled in this Circuit.  Just last year,
two District Judges reached conflicting results, each suggesting
a different test to resolve the issue.  Compare Glatt v. Fox
Searchlight Pictures, Inc., 293 F.R.D. 516, 531-32 (S.D.N.Y.
2013) (Pauley, D.J.), with Xuedan Wang v. Hearst Corp., 293

5

F.R.D. 489, 492-94 (S.D.N.Y. 2013) (Baer, D.J.).  Interlocutory
appeals have been taken in both cases and are currently pending.
Given the unsettled state of the law and the possibility that the
Court of Appeals' forthcoming decision may have a devastating
effect on one side's position, continued litigation of the issue
of liability poses a substantial risk to both sides.

### 4.    The Risks of Establishing Damages

If liability were established, plaintiffs' damages
would not be particularly difficult to establish.  Although there
might be disputes about the number of hours worked by each
intern, each intern's damages could be determined by the same
formula.

### 5.    The Risks of Maintaining the
Class Action through the Trial

There is also a risk with respect to whether this
action would be conditionally certified as a collective action
with respect to the claim under the FLSA or certified as a class
action with respect to the Labor Law claim.  Both would require
discovery and briefing, and class certification motions in
actions brought by interns have resulted in inconsistent results.
Compare Glatt v. Fox Searchlight Pictures, Inc., supra, 293

F.R.D. at 534-38, with Xuedan Wang v. Hearst Corp., supra, 293 F.R.D. at 494-98.  In addition, the decision granting or denying class certification could be the subject of an interlocutory appeal.

6.   The Ability of the Defendants
to Withstand a Greater Judgment

Neither side has submitted any evidence concerning this factor.  Nevertheless, given defendant's size and stature in the publishing world, I assume it could withstand greater judgment. This fact, by itself, however, does not render the proposed settlement unfair.  In re Austrian & German Bank Holocaust Litig., 80 F. Supp. 2d 164, 178 n.9 (S.D.N.Y. 2000) (Kram, D.J.); accord Frank v. Eastman Kodak Co., 228 F.R.D. 174, 186 (W.D.N.Y. 2005).

7.   The Range of Reasonableness of the
Settlement Fund in Light of the
Best Possible Recovery and in Light
of all the Attendant Risks of Litigation.

The inquiry with respect to this factor is to "see whether the settlement 'falls below the lowest point in the range of reasonableness.'"  In re Gache, 164 F.3d 617 (2d Cir. 1998), 1998 WL 646756 at *1 (2d Cir. Apr. 16, 1998), quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972).  Plaintiff's counsel

7

estimates that the payments to participating class members will exceed more than 60% of their unpaid wages (Declaration of Rachel Bien, Esq., dated November 13, 2014 (Docket Item 55) ("Bien Decl."), ¶ 25). Given the unsettled state of the law applicable to this case and the risks inherent in this action, a recovery rate of 60% is well above the lowest point of the range of reasonableness.

### 8.  Summary

Because the majority of the relevant factors demon-strate the reasonableness of the settlement, I find that the proposed settlement warrants preliminary approval.

### B.  Conditional Certification of the Labor Law Class

"Before certification is proper for any purpose -- settlement, litigation, or otherwise -- a court must ensure that the requirements of Rule 23(a) and (b) have been met." Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006); accord Cohen v. J.P. Morgan Chase & Co., 262 F.R.D. 153, 157-58 (E.D.N.Y. 2009); Bourlas v. Davis Law Assocs., 237 F.R.D. 345, 349 (E.D.N.Y. 2006).

Class certification is appropriate under Rule 23(a) if

> (1) the class is so numerous that joinder of all mem-
> bers is impracticable; (2) there are questions of law
> or fact common to the class; (3) the claims . . . of
> the representative parties are typical of the claims .
> . . of the class; and (4) the representative parties
> will fairly and adequately protect the interests of the
> class.

Fed.R.Civ.P. 23(a).

If each of these four threshold requirements are met,
class certification is appropriate if the action also satisfies
one of the three alternative criteria set forth in Rule 23(b).
In this case, plaintiffs argue that class certification is proper
under Rule 23(b)(3), which provides that a class action may be
maintained where:

> the questions of law or fact common to class members
> predominate over any questions affecting only individ-
> ual members, and [where] a class action is superior to
> other available methods for fairly and efficiently
> adjudicating the controversy.

The party seeking class certification bears the burden
of establishing each of these elements by a "preponderance of the
evidence." Teamsters Local 445 Freight Div. Pension Fund v.
Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008); see Amchem
Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997); Fedotov v.
Peter T. Roach & Assocs., P.C., 354 F. Supp. 2d 471, 478
(S.D.N.Y. 2005) (Haight, D.J.). Although the Court of Appeals
for the Second Circuit has "directed district courts to apply

9

Rule 23 according to a liberal rather than a restrictive inter-
pretation," In re NASDAQ Mkt.-Makers Antitrust Litig., 169 F.R.D.
493, 504 (S.D.N.Y. 1996) (Sweet, D.J.), citing Korn v. Franchard
Corp., 456 F.2d 1206, 1208-09 (2d Cir. 1972), class certification
should not be granted unless, after a "'rigorous analysis,'" the
court is satisfied that Rule 23's requirements have been met,
Spagnola v. Chubb Corp., 264 F.R.D. 76, 92 (S.D.N.Y. 2010) (Baer,
D.J.), quoting In re Initial Pub. Offering Secs. Litig., 471 F.3d
24, 33 (2d Cir. 2006).  Doubts concerning the propriety of class
certification should be resolved in favor of class certification.
See Levitt v. J.P. Morgan Secs., Inc., 710 F.3d 454, 464 (2d Cir.
2013) (on appellate review, less deference is given to decisions
denying class certification than to decisions granting certifica-
tion).

        The proposed Rule 23 settlement class -- all individu-
als who had an internship at Condé Nast in New York State between
June 13, 2007 and the date of this Order -- meets the require-
ments for Rule 23 certification.

        1.   Numerosity

        Plaintiff's counsel estimates that there are approxi-
mately 7,500 members of the class (Bien Decl., ¶ 30).  This
number easily meets the numerosity requirement.  Pa. Pub. School

Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 120 (2d
Cir. 2014) ("Numerosity is presumed for classes larger than forty
members.")

    2.  Commonality

        Rule 23(a) also requires the existence of questions of
law or fact common to the class.  The Supreme Court has empha-
sized that "[c]ommonality requires the plaintiff to demonstrate
that the class members 'have suffered the same injury.'"  Wal-
Mart Stores, Inc. v. Dukes, --- U.S. ---, ---, 131 S. Ct. 2541,
2551 (2011), quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 157
(1982).  "[S]ince '[a]ny competently crafted class complaint
literally raises common "questions,"'" the court must assess
whether the common questions are capable of "generat[ing] common
answers apt to drive the resolution of the litigation."  Wal-Mart
Stores, Inc. v. Dukes, supra, 131 S. Ct. at 2551 (emphasis in
original), quoting Richard A. Nagareda, Class Certification in
the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 131-32 (2009).
"[P]laintiffs may meet the commonality requirement where the
individual circumstances of class members differ, but 'their
injuries derive from a unitary course of conduct by a single
system.'"  Fox v. Cheminova, Inc., 213 F.R.D. 113, 126 (E.D.N.Y.
2003), quoting Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir.

1997) (per curiam).  "Even a single common legal or factual question will suffice." Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 162 (S.D.N.Y. 2014) (Oetken, D.J.), quoting Freeland v. AT&T Corp., 238 F.R.D. 130, 140 (S.D.N.Y. 2006) (Cote, D.J.).

Plaintiffs claim, and defendant does not contest, that plaintiffs all had common duties such that resolution of their status as employees is properly addressed on a class basis.  This is sufficient to meet the commonality requirement.

### 3.  Typicality

Rule 23(a)'s third requirement, typicality, ensures that "maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Marisol A. v. Giuliani, supra, 126 F.3d at 376 (alteration in original), quoting Gen. Tel. Co. v. Falcon, supra, 457 U.S. at 157 n.13.  The typicality requirement is satisfied where "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." In re Flag Telecom Holdings, Ltd. Secs. Litig., 574 F.3d 29, 35 (2d Cir. 2009) (internal quotation marks and citation omitted); Bolanos v. Norwegian Cruise Lines Ltd., 212 F.R.D. 144, 155

12

(S.D.N.Y. 2002) (Berman, D.J.) (adopting Report & Recommendation).

"The commonality and typicality requirements often 'tend to merge into one another, so that similar considerations animate analysis' of both." Brown v. Kelly, 609 F.3d 467, 475 (2d Cir. 2010), quoting Marisol A. v. Giuliani, supra, 126 F.3d at 376.

Plaintiffs satisfy the typicality requirement of Rule 23(a) because they allege, and defendant does not contest, that they were all employed by defendant's publications to do similar work and were classified as interns and not as employees under the same corporate policy. This is sufficient to satisfy the typicality requirement.

### 4.   Adequacy

Pursuant to Rule 23(a)'s final requirement, "the named plaintiffs must 'possess the same interest[s] and suffer the same injur[ies] as the class members.'" In re Literary Works in Elec. Databases Copyright Litig., 654 F.3d 242, 249 (2d Cir. 2011) (alterations in original), quoting Amchem Prods., Inc. v. Windsor, supra, 521 U.S. at 625-26. "Adequate representation is a twofold requirement:  class counsel must be qualified and able to conduct the proposed litigation, and the class representatives

13

must not have interests antagonistic to those of the other class members." Fox v. Cheminova, Inc., supra, 213 F.R.D. at 127, citing In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992); Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 99 (2d Cir. 2007); see also Denney v. Deutsche Bank AG, supra, 443 F.3d at 268.

Plaintiffs also satisfy the adequacy requirement. There is no evidence or reason to believe that there is any conflict of interest between the named plaintiffs and the other members of the class.  In addition, plaintiffs' counsel is experienced in prosecuting employment class actions.  Glatt v. Fox Searchlight Pictures Inc., supra, 293 F.R.D. at 537.

### 5.   Rule 23(b)(3)'s Requirements

As explained above, Rule 23(b)(3) requires that a plaintiff seeking to represent a class establish "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

14

a.   Predominance

The Court of Appeals explained the predominance re-
quirement of Rule 23(b)(3) in Moore v. PaineWebber, Inc., 306
F.3d 1247, 1252 (2d Cir. 2002):

> "The Rule 23(b)(3) predominance inquiry tests
> whether proposed classes are sufficiently cohesive to
> warrant adjudication by representation." Amchem
> Prods., Inc. v. Windsor, 521 U.S. 591, 623, 117 S.Ct.
> 2231, 138 L.Ed. 2d 689 (1997). It is a more demanding
> criterion than the commonality inquiry under Rule
> 23(a). Id. at 623-24, 117 S.Ct. 2231. Class-wide
> issues predominate if resolution of some of the legal
> or factual questions that qualify each class member's
> case as a genuine controversy can be achieved through
> generalized proof, and if these particular issues are
> more substantial than the issues subject only to indi-
> vidualized proof. [In re Visa Check/MasterMoney Anti-
> trust Litig., 280 F.3d 124, 136 (2d Cir. 2001)].

See also Myers v. Hertz Corp., 624 F.3d 537, 549 (2d Cir. 2010)
("Economies of time, effort, and expense in fully resolving each
plaintiff's claim will only be served, and the predominance
requirement satisfied, if the plaintiffs can show that some . . .
questions can be answered with respect to the members of the
class as a whole through generalized proof and that those common
issues are more substantial than individual ones." (internal
quotations marks, alterations and citations omitted)); Flores v.
Anjost Corp., 284 F.R.D. 112, 130 (S.D.N.Y. 2012) (McMahon,
D.J.).

15

Counsel for plaintiffs suggests that the predominance requirement is satisfied by the common contention that the plaintiffs were employees entitled to be paid the minimum wage (Plaintiffs' Memorandum of Law, dated November 13, 2014 (Docket Item 56), at 16). I agree. The central issue in this litigation is whether plaintiffs were employees or "trainees" within the meaning of Walling v. Portland Terminal Co., 330 U.S. 148, (1947). Defendant does not dispute that this is the predominant issue in the case. See generally Brown v. Kelly, supra, 609 F.3d at 484 ("[W]here plaintiffs were allegedly aggrieved by a single policy of the defendants, and there is strong commonality of the violation and the harm, this is precisely the type of situation for which the class action device is suited." (internal quotation marks omitted)); Whitehorn v. Wolfgang's Steakhouse, Inc., 275 F.R.D. 193, 200 (S.D.N.Y. 2011) (Sand, D.J.). Thus, I conclude that predominance is met here.

### b.  Superiority

Rule 23(b)(3) also requires plaintiffs to demonstrate that class-wide adjudication is "superior to other available methods for fairly and efficiently adjudicating the controversy." In making this determination, the court must balance "the advantages of a class action against those of alternative available

methods of adjudication." <u>Anwar v. Fairfield Greenwich Ltd.</u>, 289
F.R.D. 105, 114 (S.D.N.Y. 2013) (Marrero, D.J.), <u>vacated</u> <u>and</u>
<u>remanded</u> <u>on</u> <u>other</u> <u>grounds</u> <u>sub</u>. <u>nom</u>, <u>St. Stephen's School v.</u>
<u>PricewaterhouseCoopers Accountants N.V.</u>, 570 F. App'x 37 (2d Cir.
2014) (Summary Order).  Rule 23(b)(3) sets forth four non-exhaus-
tive factors relevant to the superiority inquiry:  "the class
members' interests in individually controlling the prosecution .
. . of separate actions," "the extent and nature of any litiga-
tion concerning the controversy already begun by . . . class
members," "the desirability or undesirability of concentrating
the litigation of the claims in the particular forum" and "the
likely difficulties in managing a class action."  Fed.R.Civ.P.
23(b)(3)(A)-(D).

        The superiority requirement is also met here.  First,
litigation by way of a class action is more economically sensible
due to plaintiffs' limited financial resources and the relatively
modest size of any individual's recovery.  Most of the plaintiffs
appear to be younger individuals at the start of their careers.
Such individuals rarely have the resources to finance a federal
civil action.  A class action is likely the only vehicle by which
all plaintiffs can, as a practical matter, adjudicate their state
law claims.  <u>See</u> <u>Iglesias-Mendoza v. La Belle Farm, Inc.</u>, 239
F.R.D. 363, 373 (S.D.N.Y. 2007)(McMahon, D.J.); <u>McBean v. City</u>

17

of New York, 228 F.R.D. 487, 503 (S.D.N.Y. 2005) (Lynch, D.J.).
Second, plaintiffs are unaware of any pending litigation by
individual class members concerning this controversy, and, third,
concentrating this litigation in the Southern District of New
York is appropriate because many, if not all, of the interns
performed their internship in this District.  Finally, class
adjudication as opposed to multiple individual actions will
conserve judicial resources.

      6.   Summary

      Accordingly, for all the above reasons, I conditionally
certify pursuant to Rule 23(a) and (b)(3) a Labor Law class
consisting of all individuals who had an internship in New York
State at Condé Nast between June 13, 2007 and the date of this
Order.

      C.   Conditional Certification
         of FLSA Collective

      I also grant plaintiffs' motion for conditional certif-
ication of the FLSA collective.

      "[T]o warrant certification as a collective action
under § 216(b) of the FLSA, a plaintiff must make at least 'a
modest factual showing sufficient to demonstrate that [he] and

potential plaintiffs together were victims of a common policy or plan that violated the law.'"  Barfield v. N.Y.C. Health & Hosps. Corp., 05 Civ. 6319 (JSR), 2005 WL 3098730 at *1 (S.D.N.Y. Nov. 18, 2005) (Rakoff, D.J.), quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, D.J.); see also Damassia v. Duane Reade, Inc., 04 Civ. 8819 (GEL), 2006 WL 2853971 at *5 (S.D.N.Y. Oct. 5, 2006) (Lynch, D.J.) ("As empha- sized above, the question at this early stage is only whether, applying a 'lenient' standard, the court is satisfied that plaintiffs, through their allegations, affidavits and other evidence, have met their 'minimal' burden of demonstrating entitlement to a 'preliminary' determination that they are similarly, even if not identically, situated with respect to their FLSA claims.").  Because the standard for conditional certification as an FLSA collective is less stringent than the standard for certification of a class action pursuant to Rule 23, Franco v. Allied Interstate LLC, 13 Civ. 4053 (KBF), 2014 WL 1329168 at *5 (S.D.N.Y. Apr. 2, 2014) (Forrest, D.J.), citing Hoffmann v. Sbarro, Inc., supra, 982 F. Supp. at 263, the discussion in Section III(B), above, is sufficient to demonstrate that conditional certification of the FLSA collective is also warranted.

D.   Appointment of
     Class Counsel

          I appoint the firm of Outten & Golden LLP as class

counsel.  The firm routinely represents plaintiffs in employment

litigation in this District and has appeared in many major FLSA

and Labor Law cases, including Irizarry v. Catsimatidis, 722 F.3d

99 (2d Cir. 2013), Barenboim v. Starbucks Corp., 698 F.3d 104

(2d Cir. 2012), Shahriar v. Smith & Wollensky Rest. Grp., Inc.,

659 F.3d 234 (2d Cir. 2011), Glatt v. Fox Searchlight Pictures,

Inc., supra, 293 F.R.D. 516 and Xuedan Wang v. Hearst Corp.,

supra, 293 F.R.D. 489.  Based on the firm's performance before me

in this and other cases and its work in the foregoing and other

cases, I have no question that it will prosecute the interests of

the class vigorously.


     E.   Adequacy of the Notice

          Fed.R.Civ.P. 23(c)(2)(B) provides:

               For any class certified under Rule 23(b)(3), the
          court must direct to class members the best notice that
          is practicable under the circumstances, including
          individual notice to all members who can be identified
          through reasonable effort.  The notice must clearly and
          concisely state in plain, easily understood language:

               (i) the nature of the action;

               (ii) the definition of the class certified;

20

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

I have carefully reviewed the proposed notice submitted by plaintiffs and but for incorrectly stating the Court's address as "50 Pearl Street" instead of 500 Pearl Street, it complies with Rule (c)(2)(B).[2]

IV.  Conclusion

Accordingly, for all the foregoing reasons, it is hereby ORDERED that:

1.  For settlement purposes, I conditionally certify a class consisting of all individuals who had an internship in New York State at Condé Nast between June 13, 2007 and the date of this Order;

---

[2]This error occurs at page 8 of the proposed Notice of Class and Collective Action Settlement and at page 6 of the proposed Notice of Collective Action Settlement.  The proposed Notice of Collective Action Settlement also contains a blank page 8 which should be deleted.

21

2. For settlement purposes, I certify a collec-
tive consisting of all individuals who had an intern-
ship at Condé Nast between June 13, 2010 and the date
of this Order;

3. The parties' proposed settlement is prelimi-
narily approved;

4. For purposes of the settlement, I approve
Outten & Golden LLP as Class Counsel for both the FLSA
Collective and the Rule 23 Class;

5. The parties propose to disseminate class
notices to all class members by first class mail, in
accordance with Section 13(b) of the settlement agree-
ment , and to include links to a general version of the
notice on a website in accordance with Section 13 of
the settlement agreement. I find that this method of
disseminating class notices to class members is the
best method practicable under the circumstances and
meets the requirements of Fed.R.Civ.P. 23;

6. Except for the corrections noted above, I also
find that the proposed forms and content of the forms
and exclusion forms fully comply with the requirements
of federal law;

7.   Within thirty (30) business days after the entry of this Order, in accordance with Section 12 of the settlement agreement, Condé Nast will provide the contact information described in Section 12 of the settlement agreement to the claims administrator counsel have agreed upon and to Outten & Golden LLP;

8.   Within forty-five (45) days after the entry of this Order, the Claims Administrator shall mail the notice packages by first-class mail and email in accordance with Section 1(e) of the settlement agreement to the last known addresses of each class member in accordance with the terms of the settlement.

9.   Each class member shall have ninety (90) days from the mailing of the notice package, which shall be extended in accordance with Section 1(e) of the settlement agreement, to return a claim form, object to the settlement or to exclude him or herself from the settlement.

10.   I shall conduct a fairness hearing on June 22, 2015 at 9:30 a.m. to address:  (a) whether the proposed settlement stipulation should be finally approved as fair, reasonable and adequate as to the class members; (b) class counsel's application for

23

            attorneys' fees and costs and (c) the claims adminis-

            trator's application for fees and costs.[3]

Dated:   New York, New York
         December 29, 2014

                                   SO ORDERED

                                   _____
                                   HENRY PITMAN
                                   United States Magistrate Judge

Copies transmitted to:

Rachel M. Bien, Esq.
Juno E. Turner, Esq.
Michael N. Litrownik, Esq.
Outten & Golden LLP
29th Floor
3 Park Avenue
New York, New York   10016

Adam T. Klein, Esq.
Paul W. Mollica, Esq.
Outten & Golden LLP
Suite 2100
203 North LaSalle Street
Chicago, Illinois   60608

_____

     [3]Counsel have stipulated to Angeion Group serving as claims
administrator and seek to have me approve Angeion for that
position.  Although I have no issue with the parties' stipulation
in this regard and do not disapprove of Angeion serving as claims
administrator, I decline to take the affirmative step of
approving Angeion as claims administrator.  First, I am aware of
no provision of law that requires the court to approve a claims
administrator.  Second, the parties have provided no information
concerning Angeion, and, therefore, I have no basis for assessing
whether it is competent to serve as a claims administrator.   I
take no position with respect to the parties' selection of
Angeion as claims administrator.

                              24

Elise M. Bloom, Esq.
Joshua S. Fox, Esq.
Noa M. Baddish, Esq.
Amy F. Melican, Esq.
Proskauer Rose LLP
11 Times Square
New York, New York  10036