USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  8-11-15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LAUREN BALLINGER and MATTHEW LEIB,
on behalf of themselves and all others similarly
situated,

              Plaintiffs,

              v.

ADVANCE MAGAZINE PUBLISHERS, INC.
d/b/a/ CONDÉ NAST PUBLICATIONS,

              Defendant.

No. 13 Civ. 4036 (HP)

*So ordered*

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENTS

This matter came before the Court on Plaintiffs' Motions for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement; Approval of Attorneys' Fees and Reimbursement of Expenses; and Approval of Service Payments ("Final Approval Motions"). Defendant does not oppose the Motions.

1.      Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, the Declaration of Rachel Bien ("Bien Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motions, the Court grants final approval of the $5,850,000.00 settlement memorialized in the Settlement Agreement, attached to the Bien Decl. as Exhibit A, and "so orders" all of its terms which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2.      For settlement purposes, the Court certifies the NY Rule 23 Settlement Class defined in the Settlement Agreement pursuant to Fed. R. Civ. P. 23(e) ("Settlement Class").

3.      The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4.      Outten & Golden LLP, which the Court previously appointed as Class Counsel, satisfies the adequacy requirements of Rule 23(a)(4).

5.      The Court approves the Fair Labor Standard Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

6.      The Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the NY Rule 23 Settlement Class who have not timely and properly opted out pursuant to Paragraph 13(k) of the Settlement Agreement.

7.      The attorneys at Outten & Golden LLP who prosecuted this case are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $650,000 in attorneys' fees, which is 11.11 % of the settlement fund, plus $8,474.99 in costs and expenses reasonably expended litigating and resolving the lawsuit. In addition, the Court grants Class Counsel's request for reimbursement of $39,750 in fees advanced to the Claims Administrator to conduct the LinkedIn Notice. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the settlement fund.

8.      The Court finds reasonable the service payments for the Plaintiffs in the amount

2

of \$10,000 each in recognition of the services they rendered on behalf of the class. This amount shall be paid from the settlement fund.

9.     The Court approves the Claims Administrator's fees of no more than \$58,750. This amount shall be paid from the settlement fund.

10.     Prior to entry of this order, The Parties provided the Court with an update as to any disputes regarding the approximately 74 Class Members to whom the Claims Administrator sent deficiency notices; those disputes have since been resolved.

11.     If no party appeals this Order, the "Effective Date" of the settlement will be 35 days after the Order is entered.

12.     If an individual or party appeals this Order, the "Effective Date" of the Settlement will be the day after all appeals are finally resolved.

13.     The Claims Administrator will disburse settlement checks to Class Members, Class Counsel's attorneys' fees and costs, and the service payments within 30 days of the "Effective Date."

14.     Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order. All Class Members who did not opt out and Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

15.     The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

16.     The parties shall abide by all terms of the Settlement Agreement.


It is so ORDERED this _11_ day of _AUGUST_, 2015.

Hon. Henry Pitman, United States Magistrate Judge

4